## DANIEL McCOY AND CHARLES M. AYER v. JAMES H. ANDERSON.

*Assessment of business property—Replevin for goods taken for taxes.*

Township taxes assessed on the personal property of a partnership can only be assessed in the township where the firm has a place of business (Comp. L. § 978) and not where the personal property is manufactured and stored, even though small quantities are occasionally sold therefrom at that place.

The prohibition against bringing replevin for property taken under a tax warrant (Comp. L. § 6729) does not apply where there was no jurisdiction to levy the tax.

Error to Osceola.   Submitted Jan. 12.   Decided Jan. 18.

REPLEVIN.   Plaintiff brings error.   Reversed.

*Fallass & McIntyre* for plaintiff in error.

*Beardsley & Judkins* for defendant in error

MARSTON, J.   Defendant Anderson as treasurer of the township of Burdell, Oceana county, seized certain property of plaintiffs in error to satisfy a tax assessed against them upon the roll of said township for the year 1878. The plaintiffs then brought this action of replevin to recover possession of their property.

Upon the trial it was admitted that McCoy and Ayer were co-partners residing at Cadillac, Wexford county; that the tax referred to was on co-partnership personal property, viz., on logs and lumber, the latter being in a mill-yard at Tustin and the logs near there in the township of Burdell.

It also appeared that a written agreement was entered into November 15th, 1877, between Benson & Everest of Tustin, Osceola county, and McCoy & Ayer of Cadillac, Wexford county, whereby Benson & Everest were to skid, haul to their mill, manufacture into lumber and deliver at the cars on piles, the logs being cut upon certain lands for McCoy & Ayer. That they (McCoy & Ayer) kept a man at Tustin to oversee the mill-yard and look after the shipping; that some of the lumber so manufactured was sold by retail for the convenience of parties residing in or near Tustin. The quantity was small, however, the great bulk of the lumber being shipped in car-load lots. There was also evidence tending to show that logs were purchased from other parties and manufactured into lumber in the same way. No books of account were kept at the mill or in the township of Burdell by the plaintiffs; all accounts were kept at Cadillac and orders for lumber received there. It was not claimed or pretended that they owned or occupied any mill, store, shop or warehouse in the township of Burdell other than as already stated.

It is here claimed, and the court so charged, that the tax was valid, under 1 Comp. L. §§ 978, which provides that partners in mercantile or other business, whether residing in the same or different townships, may be jointly taxed in the partnership name, in the township where their business is carried on, for all the personal property employed in such business.

We are of opinion that this case comes within and is governed by the decision in *Putman v. Fife Lake* 45 Mich. 125. The statute contemplates the place or business seat of the firm, and that they may have one or more such places. Any other view, if attempted to be carried out, would lead to confusion and incalculable mischief, where parties are carrying on lumbering operations as in this case. It cannot be a mere matter of indifference to parties as to the place where their personal property shall be assessed. No one will claim that it should be assessed more than once. The amount and value thereof can be ascertained at the place of business of the firm where their books and papers pertaining thereto may fairly be looked for.

There is, however, a stronger reason still existing in favor of this view. The statute fixes a time when owners of property have the right to review the assessment roll and have errors or over-assessments corrected. It may fairly be presumed that they will have full opportunity to do this in townships where they have a place of business, either in person or by their agent; but in cases like the present no such presumption could be indulged in. Benson & Everest had no such authority; they had entered into a contract to perform certain specified duties, and beyond the performance thereof their power and authority did not extend, and the same may be said of the man employed by plaintiffs to superintend the work. We need not however discuss this question as though it were here raised for the first time, as the case referred to renders any such discussion unnecessary.

It is next urged that the judgment should be affirmed, as under Comp. L. § 6729, an action of replevin for property

taken by virtue of a warrant for the collection of a tax is prohibited. This question was also fully discussed in *LeRoy v. East Saginaw City Railway* 18 Mich. 238.

In the present case there was a total want of jurisdiction in the officer to levy any tax against these parties. The Legislature has not attempted to prevent the usual and ordinary remedies in such cases, or to deprive a man of his property for the satisfaction of a tax assessed under such circumstances. Any other view might be open to the objection of attempting to deprive parties of their property without due process of law, and this evidently was not contemplated by the statute relied upon.

For the errors thus appearing the judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.