JOHN TORRENT AND PATRICK A. DUCY v. ALONZO YAGER.

*Taxation of partnership movables—Jurymen.*

1. Logs cannot be taxed in the township where they are temporarily left afloat for sawing if the firm to which they belong has its place of business in another township and the partners live elsewhere.

2. Courts should protect the rights of parties in selecting jurors and may properly exclude any incompetent or drunken person, even against objection.

Error to Muskegon. (Russell, J.) Jan. 23.—Jan. 29.

REPLEVIN. Defendant brings error. Affirmed.

*Cook, DeLong & Fellows* for appellant.

*Smith, Nims, Hoyt & Erwin* for appellee, cited *Huckins v. Boston* 4 Cush. 543 ; *Loud v. Charlestown* 103 Mass. 278 ; *Charlestown v. County Commrs.* 109 Mass. 270.

SHERWOOD, J. The plaintiffs were copartners in the lumber trade, in the year 1882, under the firm name of Torrent & Ducy. They both resided in the city of Muskegon. They carried on their business in North Muskegon, which was the location of the firm, and the place where they had their principal office, but they also had an office in the city of Muskegon. The defendant was township treasurer of the township of Dalton, in Muskegon county.

At the time for taking the assessment in the spring of 1882, the plaintiffs had about 2,000,000 feet of logs and lumber in the township of Dalton. The logs were in a small lake, upon the margin of which one Latimer had a saw-mill, and with Latimer the plaintiffs had a contract for manufacturing the logs into lumber, and cross-piling it at the railroad for market or shipment. Latimer commenced sawing in the spring of 1882, and when he had sawed about 200,000 feet the supervisor of Dalton made his assessment and assessed the property of the plaintiffs in that town, which consisted of the logs and lumber, at a valuation of $2100. The plaintiffs used no premises in Dalton as a lumber yard, or a place of storage, and they had sold but little lumber there; neither did they pay for anything had of Latimer, or used by them, except for sawing and piling the lumber, and for that they paid three dollars per thousand feet. Latimer had no contract of the logs or lumber except for the purpose of sawing and piling. He had sawed but about ten days when the supervisor made his assessment for Dalton. Upon the assessment made, the supervisors carried out upon the roll a tax against the plaintiff amounting to the sum of $62.86.

The record in the case further shows that the defendant, as treasurer of the township of Dalton on the 15th day of February, 1883, by virtue of a warrant attached to said assessment roll, proceeded to collect said tax against the property of said plaintiff, and seized, took into his posses-

sion and offered for sale $500 worth of plaintiffs' lumber, so being in Dalton; whereupon the plaintiffs brought this suit in replevin to recover their property so seized.

It was conceded by defendant that the plaintiffs were the owners of and had in their possession the said property seized at the time it was taken by the defendant. The cause was tried at the circuit, and the foregoing facts were made to appear upon the trial, and were not controverted by the evidence. It was not claimed at the circuit or in this Court that the assessment covered any other property than the aforesaid logs and lumber in the lake and at the mill.

The plaintiffs claimed that the property could not be legally assessed in the township of Dalton, but was properly assessable in the township of Laketon or in the city of Muskegon, where were the residences of the parties, the location of the firm, and its principal offices, that the tax assessed against the plaintiffs and sought to be enforced against their property was unauthorized by law; and that the authorities of Dalton proceeded without jurisdiction. The defendant contended that the township of Dalton had the right to make the assessment under the first clause of section 11 of the tax law of 1882. The circuit judge thought differently, and directed a verdict for the plaintiffs.

The clause of the statute referred to reads as follows:

"All goods and chattels situate in some township other than where the owner resides shall be assessed in the town where situate, and not elsewhere if the owner or person having control thereof hires or occupies a store, mill, place for sale of property, shop, office, mine, farm, storage, manufactory or warehouse therein, for use in connection with such goods and chattels."

Section 5 of the same act provides, among other things, " a copartnership shall be deemed to reside in the township where its business is principally carried on."

Sec. 10. "All personal property, except as hereinafter provided, shall be assessed to the owner in the township of which he is an inhabitant, on the second Monday of April of the year for which the assessment is made."

We think, under the undisputed facts in this case, the

plaintiff's property was not properly assessed in Dalton, but should have been assessed in North Muskegon or in the city of Muskegon, where the plaintiffs resided and had their principal places of business and dealings ; that the logs and lumber were in Dalton only temporarily for the purpose of being sawed and fitted·for market. The cases of *Putman v. Fife Lake Township* 45 Mich. 125 and *McCoy v. Anderson* 47 Mich. 504 were decided by this Court under a statute but slightly varying from the present, and they necessarily rule this case.

The direction given by the circuit judge upon the evidence undisputed was correct.

Talesmen were called to complete the jury in this case, and one Simon Wilson was one of the number so called. The court excluded him because of his unfitness in consequence of the excessive use of intoxicating liquor while acting as a juror, and another was called to complete the panel. This was done against the objection of defendant's counsel. The ruling was correct. It is the duty of the court to carefully guard and protect the rights of parties in the selection of jurymen and see to it that no person who is incompetent is allowed to sit in the case.

We find no error in the rulings of the court, and the judgment must be affirmed with costs.

The other Justices concurred.