The Township of Kalkaska v. Charles T. Fletcher
ET AL.

[See 78 Mich. 176; 81 Id. 186.]

*Taxes—Assessment—Personal property—Non-residents—Goods held
under attachment.*

1. The *title* to personal property in possession of an officer at the
time fixed by law for its assessment, under an attachment in
favor of the owner's creditors, remains in such owner, to whom
the property is legally assessable.

   So *held*, where a stock of goods was attached, and stored in
   a store rented for that purpose, the key being retained by the
   sheriff, and the goods were assessed to the attaching creditors,
   who were all non-residents of the township where the goods
   were stored, and who were not engaged in any business in
   said township.

2. Subdivision 1 of section 11 of Act No. 153, Laws of 1885, which
provides for the assessment of personal property to the owner
in a township in which he is not an inhabitant if he hires or
occupies a store, etc., in such township for use in connection
with such property, was only intended to meet that class of
cases where non-residents of a township carried on a *business*
there, and had their personal property and effects stored in
such township for the purpose of such business.

Case made from Kalkaska. (Aldrich, J.) Argued June
4, 1890. Decided June 13, 1890.

Case submitted without suit. Defendants assign error.
Reversed, and judgment entered in this Court for defend-
ants. The facts are stated in the opinion.

*Charles B. Lothrop,* for appellants.

*W. D. Totten* (*J. L. Boyd,* of counsel), for plaintiff,
contended:

1. It is the hiring of a place of storage that is made a ground for
   taxation; citing *Hood v. Judkins,* 61 Mich. 580; *Huckins v.*

*Boston,* 4 Cush. 543; *Loud v. Charlestown,* 103 Mass. 278; *Campbell v. Machias,* 33 Me. 419; *Desmond v. Machias* Port, 48 Id. 478; *Lee v. Templeton,* 6 Gray, 579.

LONG, J.   This cause was tried in the circuit court for Kalkaska county before the court without a jury, upon an agreed state of facts, as provided by section 6469, How. Stat., and judgment was rendered in favor of plaintiff for the sum of $34.98, without costs of suit.   Defendants assign error.

The facts upon which the court based its judgment are that in September, 1888, an attachment suit was brought by Fletcher, Jenks & Co., who reside in and whose place of business is in Detroit, against Noteware & Beebe, upon which the sheriff of Kalkaska county attached certain goods forming a stock of hardware, which had been kept within the township of Kalkaska up to the time of their sale on execution issued in such proceedings, in January, 1890.    The suit in attachment came on for trial in September, 1889, and judgment was rendered in favor of plaintiffs.   Execution was issued, and the property was sold on January 15, 1890.

The supervisor of that township, in the spring of 1889, assessed this stock of goods to Fletcher, Jenks & Co., the following entry appearing upon the roll: "Fletcher, Jenks & Co., personal, block G, personal estate, $1,000." The tax was extended upon the tax roll for State, county, township, school, and special highway taxes, amounting to $33.64.   The tax roll came into the hands of the township treasurer of that township, who made a demand upon Mr. Jenks, of the firm of Fletcher, Jenks & Co., for the payment of this tax, which was refused.

To avoid any questions that might affect the rights of the parties in any litigation, and to save costs, the defendants deposited under protest, with the clerk of the circuit court for Kalkaska county, the amount of this tax, under

a stipulation that, in case final judgment should be rendered in favor of the defendants, the moneys were to be returned to them, and that no costs were to be taxed in the circuit or this Court in favor of either party.

The tax roll is fair upon its face, but the defendants all reside in the city of Detroit, and have no property of any kind in Kalkaska county, except the interest held and acquired under their writ of attachment in this stock of goods. The defendants never had any notice of the assessment of this tax against them until January 2, 1890, and had therefore no opportunity to appear before the board of review. At the time of the commencement of this suit the goods had not been sold, but were yet held by the sheriff of that county under the execution issued upon the judgment rendered in that proceeding. The goods and stock of hardware upon which it is assumed the said personal tax was levied were situate in a store building on block G, in Kalkaska village, town of Kalkaska, when the assessment roll was made, and remained there to the time of commencement of the present action. This store building, after the goods were attached and seized by the defendants, was rented by them to store the goods during the pendency of the attachment suit, and rent was paid by defendants therefor up to January 15, 1890, when the goods were sold under the execution, and the amount paid for rent deducted, by order of the trial court in that case, from the moneys arising from the sale, and that sum paid over to Fletcher, Jenks & Co. The sheriff of that county was holding the goods and the possession of the building during that time, under the direction of the defendants in this suit.

It is claimed by the plaintiff in this Court that the judgment of the court below should be affirmed, and the defendants compelled to pay this tax, for the reasons:

"1. Because they controlled the stock to this extent,

namely, by hiring and occupying a store for which they paid the rent for use in connection with it.

"2. Because they had a lien on the goods by attachment, and the stock was as if pledged or mortgaged to them, and they were assuming to be in possession of it.

"3. Because the manner of the assessment or its form cannot prejudice their rights, since the amount of the tax would be deducted from the proceeds of sale of the property in any event."

Upon no theory whatever can this judgment be sustained. Section 10, Act No. 153, Laws of 1885, then in force, provides that—

"All personal property, except as hereinafter provided, shall be assessed to the owner in the township of which he is an inhabitant, on the second Monday of April of the year for which the assessment is made."

Among the excepted cases referred to in section 10, and provided for in section 11, of the act, is the following:

"*First.* All goods and chattels situate in some township other than where the owner resides shall be assessed in the town where situate, and not elsewhere, if the owner or person having control thereof hires or occupies a store, mill, dock-yard, piling-ground, place for sale of property, shop, office, mine, farm, storage, manufactory, or warehouse therein, for use in connection with such goods and chattels," etc.

It is claimed that the case falls within this exception, or within the exception contained in the seventh subdivision, which will be noticed further on. The defendants could not be assessed for a tax upon personal property except in the township of which they were inhabitants on the second Monday of April, by the provisions of section 10, above quoted, unless they come within one of the exceptions contained in subdivision

81 Mich.—29.

first or seventh of section 11. They do not fall within the first exception, for the reason—

1. That they were not the owners of the stock of goods at the time of the assessment.

2. That they did not occupy the store for use in connection with such stock, within the meaning of this subdivision.

The title to the stock of goods, at the time of the assessment, remained in Noteware & Beebe, the defendants in the attachment suit, and the goods were properly assessable to them, and not to Fletcher, Jenks & Co., who only had a lien upon them at that time. This exception was only intended to meet that class of cases where parties who were non-residents of the township yet carried on a business there, and had their personal property and effects stored in that township for the purpose of such business. The first subdivision of section 11 has no application to such a case as is here presented.

It is provided by subdivision 7 of that section that—

" Personal property under the control of a trustee or agent, whether a corporation or natural person, may be assessed to such trustee or agent, except as otherwise provided, in the town where he resides. Personal property mortgaged or pledged shall be deemed the property of the person in possession thereof, and may be assessed to him."

This subdivision does not take the case out of the provisions of section 10. If the sheriff was in possession of the stock as the agent of the defendants, within the meaning of this subdivision, yet the stock was not assessed to him; and if the lien created by the levy of the writ is to be treated as a mortgage, and the property so held, as coming within that subdivision, yet it is to be deemed the property of the person in possession, and to be assessed to him. The defendants were in possession under their writ, and, if assessable to them at all, it was in the

township where they resided, and not in the township where the property was situate. The defendants were not liable to the assessment of any personal tax against them in the township of Kalkaska, in any view which may be taken of this case.

The judgment of the court below must be reversed and set aside, and judgment entered here in favor of defendants. In view of the stipulation between the parties, no costs will be awarded.

The other Justices concurred.