GREILICK *v.* CITY OF TRAVERSE CITY.

1. TAXATION—BOAT USED IN FISH BUSINESS ASSESSABLE WHERE BUSINESS LOCATED.

   A gas boat used in connection with a fish business, and usually kept at or near a fish house located in a certain township where said business was conducted, was assessable in said township rather than in the city where the owner lived, although it was temporarily moored in the river in said city when the assessments therein were made (1 Comp. Laws 1915, §§ 4007, 4008).[1]

2. SAME—NO DUTY TO APPEAR BEFORE BOARD OF REVIEW WHERE CITY WITHOUT JURISDICTION TO ASSESS.

   There is no legal obligation resting upon a property owner to appear before a city board of review and exhaust this remedy as a condition precedent to paying taxes under protest and suing to recover back, where the city had no jurisdiction to assess.[2]

Error to Grand Traverse; Lamb (Fred S.), J., presiding.    Submitted June 5, 1925.    (Docket No. 62.) Decided July 16, 1925.

Assumpsit by John Greilick against the city of Traverse City for taxes paid under protest.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Patchin & Duncan,* for appellant.

*J. J. Tweddle,* for appellee.

CLARK, J.    Plaintiff paid under protest tax of 1923 to defendant city and sued to recover back.    He prevailed in a trial without a jury.    Defendant brings error.

---

[1]Municipal Corporations, 28 Cyc. p. 1685 (Anno); Taxation, 37 Cyc. p. 956; [2]Id., 28 Cyc. p. 1709 (Anno); Taxation, 37 Cyc. p. 1185.

Plaintiff was a resident of defendant city.  To carry on his business of fishing he had a fish house and equipment located on the shore of Grand Traverse bay in Elmwood township, Leelanau county.  A part of the equipment was a gas boat, a registered craft.

"He is the owner of the building in said township of Elmwood where he carried on his said business of fishing.  At and in said building he makes his fish boxes, takes in his fish, sorts and packs them ready for shipment, keeps his cards, stamps and shop accounts there.  After packing the fish are taken to Traverse City for shipment.  Until the year 1924, he had a dock in connection with this building, and except in bad weather he unloaded and loaded direct to and from said dock."

Such property was assessed for taxes in said township in 1923 and prior years.  Before 1923, plaintiff kept the boat when not in use at or in the vicinity of the fish house.  Early in January, 1923, he moored the boat temporarily in Boardman river within the city, where it remained until about the middle of April, 1923, when the fishing season began.

The charter time for taking assessment in the city for all taxes is the first Monday in February, the time for completing the tax roll is the first Monday in March.  The boat was assessed to plaintiff, as he knew, by defendant's assessing officer.  We quote sections 4007 and 4008, in part, 1 Comp. Laws 1915:

"SECTION 13.  All personal property, except as hereinafter provided, shall be assessed to the owner in the township in which he is an inhabitant, on the second Monday of April, of the year for which the assessment is made.

"SEC. 14.  The excepted cases referred to in the preceding section are as follows, viz.:

"*First,* All goods and chattels situate in some township other than where the owner resides shall be assessed in the township where situate, and not elsewhere, if the owner or person having control thereof hires or occupies a store, mill, dockyard, piling

ground, place for sale of property, shop, office, mine, farm, place of storage, manufactory or warehouse therein, for use in connection with such · goods and chattels."   *   *   *

Under the statute and the facts the trial judge rightly held the boat assessable in Elmwood township. But it is urged that the legal obligation rested upon plaintiff to appear before the board of review of defendant city and to exhaust this remedy as a condition precedent to paying the taxes under protest and suing to recover back; citing cases. The rule does not apply where the municipality has no jurisdiction to assess. It was said in *Ryerson* v. *City of Muskegon,* 57 Mich. 383:

"The only question is whether the logs at the camps in the other counties were assessable in Muskegon. For if not, we think there was a want of jurisdiction, which would make the assessments as to them void, as beyond the right of the city officials to deal with at all."

See, also, *Putman* v. *Fife Lake Township,* 45 Mich. 125; *McCoy* v. *Anderson,* 47 Mich. 502; *Williams* v. *City of Saginaw,* 51 Mich. 120; *Township of Kalkaska* v. *Fletcher,* 81 Mich. 446.

Judgment affirmed.

MCDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.