ANNIS FURS, INC., v. CITY OF DETROIT.

SAME v. COUNTY OF WAYNE.

TAXATION—SITUS—TEMPORARY DISPLAY FOR SALE—EXCEPTIONS—BURDEN OF PROOF.

> Corporate taxpayer failed to meet its burden of showing that furs, being temporarily displayed for sale in leased sample rooms and in retail stores within this State but elsewhere than in the city wherein was located its place of residence for tax purposes, were within statutory exception as to such situs for taxation, where goods were neither in interstate commerce nor subjected to taxation in the places in which they were then physically located (CL 1948, §§ 211.13, 211.14).

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 9, 1953. (Docket Nos. 32, 33, Calendar Nos. 45,555, 45,556.) Decided June 8, 1953.

Separate actions by Annis Furs, Inc., a Delaware corporation, against City of Detroit and County of Wayne to recover amount of personal property taxes paid under protest. Cases consolidated for trial and appeal. Judgments for defendants. Plaintiff appeals. Affirmed.

*Everett H. Wells,* for plaintiff.

*Paul T. Dwyer,* Corporation Counsel, and *G. Edwin Slater,* Assistant Corporation Counsel, for City of Detroit.

---

REFERENCES FOR POINTS IN HEADNOTES

Generally as to situs of tangible personalty for taxation, see 51 Am Jur, Taxation § 451 et seq.

*Gerald K. O'Brien,* Prosecuting Attorney, and *Hobart Taylor, Jr.,* and *Benjamin C. Stanczyk,* Assistant Prosecuting Attorneys, for County of Wayne.

Boyles, J. This appeal involves 2 suits to recover taxes paid under protest. In 1949 Annis Furs, Inc., paid personal property taxes under protest to Wayne county and the city of Detroit on merchandise assessed at $197,403.48 which the plaintiff claims was not physically present in Detroit on the tax assessment date. The 2 suits were consolidated for trial and also on appeal. The trial court entered judgments for the defendants and the plaintiff appeals. On this appeal only one question is involved:

"Does the city of Detroit (and county of Wayne) have the right to assess, for local taxation, personal property owned by a foreign corporation having its principal place of business within the city of Detroit which on the assessment day was located outside the city but within the State of Michigan in the hands of road salesmen, in stores or salesrooms rented for that purpose, being offered for sale in the usual course of business?"

The facts have been stipulated. Plaintiff's principal place of business is in Detroit. It is engaged there in the business of selling furs both at wholesale and retail, and maintains there a large retail establishment. The merchandise in question was temporarily in Jackson, Battle Creek and Flint. About one-third was in a sample room in the Hotel Hayes in Jackson for 3 days, February 28, March 1 and 2, 1949, in the possession of one of plaintiff's "road salesmen" for display and sale. Plaintiff makes a point because it paid for the use of the sample room. Two other road salesmen had about half of such property in their possession in a retail

store in Battle Creek for the same 3 days, conducting a sale, in connection with a local retailer of furs. Another such salesman had the rest of said merchandise in his possession in Flint for 6 days beginning February 28th, likewise conducting a sale in a retail store.

The record before us does not show that any of said merchandise was sold at the times and places above noted, nor where any of it was taken thereafter. If sold, it was customary to return it to Detroit for changes, et cetera, before delivery. Nor does it show affirmatively that it was not returned to Detroit and there in possession of the plaintiff on April 1st, the tax day provided in section 13 of the general tax act, hereinafter referred to. In their briefs, counsel refer to March 1st as being the tax assessment date, presumably under the city charter. However, in view of our conclusion, such difference in date is not controlling.

It is stipulated that the plaintiff did not pay any personal property tax to any city or county in this State on said merchandise, other than that paid the defendants under protest; that all of said merchandise was shipped by Annis Furs, Inc., to the said road salesmen from its Detroit store; that purchasers were billed and payments made to Annis Furs, Inc., in its Detroit store; and that the salesmen were paid by plaintiff's Detroit office. Plaintiff also maintained places of business in New York and various other States.

It is conceded that plaintiff's place of residence in Michigan for tax purposes is in Detroit.* Section 13 of the general tax act in effect in March and April, 1949 (CL 1948, § 211.13 [Stat Ann 1947 Cum Supp § 7.13]);† provided:

---

* CL 1948, § 211.11 (Stat Ann 1950 Rev § 7.11).
† Since changed by PA 1949, No 285 (See Stat Ann 1950 Rev § 7.13).

"All personal property, except as hereinafter provided, shall be assessed in the township in which the owner resides on the first day of April, of the year for which the assessment is made.

"The taxable status of persons and personal property shall be determined as of the first day of April, which shall be deemed the tax day."

The only exception pertinent to plaintiff's present claim (CL 1948, § 211.14 [Stat Ann 1947 Cum Supp § 7.14])* provides:

"The excepted cases referred to in the preceding section are as follows, *viz.*:

"First, All goods and chattels situate in some township other than where the owner resides shall be assessed in the township where situate, and not elsewhere, if the owner or person having control thereof hires or occupies a store, mill, dockyard, piling ground, place for sale of property, shop, office, mine, farm, place of storage, manufactory or warehouse therein for the use in connection with such goods and chattels: Provided, That the procuring of any such property to be manufactured upon contract shall be deemed the hiring a mill or manufactory within the meaning of this section."

No issue is raised here that the question involved is affected by transportation in interstate commerce. It should also be noted that the assessments involved arose in 1949, prior to the amendment of section 13 of the general tax act by PA 1949, No 285.† It changed the tax day to January 1st and added the provisions for filing a sworn statement of inventories of merchandise, et cetera, for each of the preceding fiscal 12 months. Consequently the question considered by this Court in *Ready-Power Company* v. *City of Dearborn, ante,* 519, construing the provi-

---

* Not changed by PA 1949, No 285.
† See CL 1948, § 211.13 (Stat Ann 1947 Cum Supp § 7.13). Also, Stat Ann 1950 Rev § 7.13.

sions of the amendment concerning the fiscal years of the taxpayer is not involved here.

Plaintiff has not met the burden of showing that the property in question is within the exception, and under the facts and circumstances of this case it is not. The owner, Annis Furs, Inc., having the control thereof, did not hire or occupy "a store, mill, dockyard, piling ground, place for sale of property, shop, office, mine, farm, place of storage, manufactory or warehouse therein for the use in connection with such goods and chattels."

Primarily, personal property is taxable at the place of residence of the owner. It was the intent of the legislature to allow taxation of personal property elsewhere, under the circumstances described in the exception. Such a temporary change of the actual locus of personal property for the purposes shown in the instant case does not change its situs for tax purposes. Any other conclusion would defeat the legislative purpose in enacting the exception. The property in question did not acquire a situs for tax purposes separate and distinct from the residence of the owner in Detroit. It was properly assessed there, and the tax levy by the city and county was proper. *Greilick* v. *City of Traverse City,* 231 Mich 699; *City of Detroit* v. *Phillip,* 313 Mich 211.

Affirmed.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.