LIQUID CARBONIC CORPORATION *v.* STATE
TAX COMMISSION.

1. Taxation—Personal Property—Control—Cylinders for Storage of Compressed Gases—Tax Day.

Personal property in the form of metal cylinders for storage and delivery of compressed gases, *held,* within control of owner, resident in Detroit, who had right to demand return of the cylinders from customers when cylinders were empty, so as to be subject to personal property tax in city of Detroit, under former personal property tax statute, even though such cylinders were temporarily outside city of Detroit in possession of customers on tax day (CLS 1961, §§ 211.13, 211.14).

2. Costs—Public Question—Taxation—Cylinders for Storage of Compressed Gases.

No costs are allowed on appeal by taxpayer from determination by State tax commission that metal cylinders holding compressed gases were personal property subject to taxation, as such, at place of residence of owner in city of Detroit, even though such cylinders were in possession of customers outside city on tax day, a public question being involved (CLS 1961, §§ 211.13, 211.14).

Appeal from Michigan State Tax Commission. Submitted Division 1 April 13, 1966, at Detroit. (Docket No. 120.)   Decided October 11, 1966.   Rehearing denied December 9, 1966.   Leave to appeal denied by Supreme Court February 28, 1967.   See 378 Mich 752.

The Michigan State Tax Commission determined that certain personal property of Liquid Carbonic Corporation, a division of General Dynamics Cor-

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur, Taxation § 451 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 1009.

poration, a foreign corporation, was subject to taxation by the City of Detroit. Liquid Carbonic Corporation appeals. City of Detroit intervened in appeal by leave of Court of Appeals. Affirmed.

*Dingell, Hylton & Zemmol,* for Liquid Carbonic Corporation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *T. Carl Holbrook* and *William D. Dexter,* Assistant Attorneys General, for Michigan State Tax Commission.

*Robert Reese,* Corporation Counsel, and *Julius C. Pliskow,* Assistant Corporation Counsel, for intervenor City of Detroit.

BURNS, J. This is an appeal by the Liquid Carbonic Corporation from an order of the State tax commission on May 14, 1964, whereby the commission ordered the amount of $829,740 be placed upon the assessment roll as the true and lawful value of personal property of the Liquid Carbonic Corporation located within the city of Detroit on tax date.

The Liquid Carbonic Corporation is a division of a foreign corporation, General Dynamics Corporation, with offices, warehouse and plant located in the city of Detroit. It produces and distributes various gases in metal containers. The customers order the various gases in units of cubic feet. The gas is delivered to the customer in a metal cylinder, although the cylinder is never sold to the customer but remains the property of the appellant. The customer may keep the cylinder on his premises and in his possession as long as there is gas remaining in the cylinder. A cylinder may be out of the possession of the appellant for days, weeks, or months,

On December 31, 1962, the uniform assessment date for 1963 personal property taxes, Liquid Carbonic was the owner of 46,891 cylinders used to contain various industrial and medical gases. Of these cylinders, 21,198 were located in the city of Detroit on assessment day and 25,693 were located in other townships and cities of the State of Michigan. All of the cylinders in question were serviced by the appellant's Detroit plant.

It is the appellant's position that only those cylinders located in the city of Detroit on tax date should be assessed by the city. Conversely, it is the position of the city of Detroit that all cylinders, whether located in the city of Detroit or in other townships of the State of Michigan, if serviced from the Detroit plant, are subject to taxation.

The issue as framed by the tax commission is:

"Did the city of Detroit have jurisdiction to subject to tax all of the personal property of Liquid Carbonic in the form of cylinders used for the storage and transportation of gases, when some of the cylinders, on a rotation basis, were temporarily located outside the city of Detroit on tax day and there is no evidence to establish situs outside the city of Detroit?"

The pertinent portions of the statutes involved are CLS 1961, § 211.13 (Stat Ann 1960 Rev § 7.13):

"All personal property, except as hereinafter provided, shall be assessed in the township in which the owner resides on the tax day provided for in this section."

and CLS 1961, § 211.14 (Stat Ann 1960 Rev § 7.14):

"The excepted cases referred to in the preceding section are as follows, viz.:

"First, All goods and chattels situate in some township other than where the owner resides shall be assessed in the township where situate, and not

elsewhere, if the owner or person having control thereof hires or occupies a store, mill, dockyard, piling ground, place for sale of property, shop, office, mine, farm, place of storage, manufactory or warehouse therein for the use in connection with such goods and chattels."[1]

Appellant argues that its customers have control of the cylinders and by assuming that its customers hire or occupy stores, mills, dockyards, piling grounds, places for sale of property, shops, offices, places of storage, or warehouses for the use of such cylinders, concludes that the city of Detroit is without tax jurisdiction as to the cylinders physically located without the city of Detroit on tax day.

In *Annis Furs, Inc.,* v. *City of Detroit* (1953), 336 Mich 527, the company argued that furs temporarily outside the city in possession of company salesmen, were not taxable by the city. The Court stated on p 531:

"Plaintiff has not met the burden of showing that the property in question is within the exception, and under the facts and circumstances of this case it is not. The owner, Annis Furs, Inc., having the control thereof, did not hire or occupy 'a store, mill, dockyard, piling ground, place for sale of property, shop, office, mine, farm, place of storage, manufactory or warehouse therein for the use in connection with such goods and chattels.'

"Primarily, personal property is taxable at the place of residence of the owner. It was the intent of the legislature to allow taxation of personal property elsewhere, under the circumstances described in the exception. Such a temporary change of the actual locus of personal property for the purposes shown in the instant case does not change its situs for tax purposes. Any other conclusion would de-

[1] See, currently, CLS 1961, § 211.13 and § 211.14, as amended by PA 1964, No 275 (Stat Ann 1965 Cum Supp §§ 7.13, 7.14).

feat the legislative purpose in enacting the exception. The property in question did not acquire a situs for tax purposes separate and distinct from the residence of the owner in Detroit."

There is no showing in the present case by the appellant that said property has acquired a different tax situs, nor that the property has been subject to double taxation.

Appellant has confused the terms "possession" and "control"; the cylinders outside the city were temporarily in the *possession* of the customers but the *control* remained with appellant. It filled the cylinders, turned over temporary possession to the customers for the time the gases were being used and had the right to demand the return of said cylinders once they were empty.[2]

Judgment of the tax commission is hereby affirmed. No costs, a public question being involved.

The above matter was submitted to a panel which included the late Judge WATTS. Although Judge WATTS participated in the deliberations he did not participate in the opinion which was prepared after his demise.

LESINSKI, C. J., concurred.

---

[2] The present case does not involve the portion of the amended statute, CLS 1961, § 211.14 (Stat Ann 1960 Rev § 7.14):

"Fifth, * * * and personal property not otherwise taxed under this act which is in the possession of any person, firm or corporation using same in connection with a business conducted for profit shall be deemed the property of such person for taxation and assessed to him accordingly"; nor does it deal with a tax on a possessory interest in another's tax-exempt personalty declared unconstitutional in *Continental Motors Corporation* v. *Township of Muskegon* (1965), 376 Mich 170.