## CITY OF DETROIT *v.* PHILLIP.

1. TAXATION—STEAM VESSELS—YACHTS.

   While steam vessels, steam barges and steamboats engaged in the carrying of passengers or freight and owned within this State or hailing from a port thereof and employed in navigation of international or Great Lakes waters are subject to a specific tax and are otherwise exempt from further taxation, State, county or municipal upon payment thereof, yachts are personal property (1 Comp. Laws 1929, § 3396, as amended by Act No. 94, Pub. Acts 1931; § 3573).

2. Same—Yachts—Tax Day.

> Yachts are personal property subject to an *ad valorem* tax, the taxable status thereof being determined as of April first of year for which the assessment is made (1 Comp. Laws 1929, § 3396, as amended by Act No. 94, Pub. Acts 1931; § 3401, as amended by Act No. 234, Pub. Acts 1941).

3. Same—Municipal Corporations—Statutes—Charters.

> The general property tax law of this State is applicable to all cities and villages where not inconsistent with their respective charters (1 Comp. Laws 1929, § 3500).

4. Same—Situs of Yacht Stored Elsewhere Than at Owner's Residence.

> The taxable situs of a yacht plying waters of the Great Lakes and tributaries and not stored in the township in which the owner resides is the place where the yacht is stored and docked or anchored during the navigation season notwithstanding it is not business property as it is personal property subject to specific statutory provisions as to taxable situs (Const. 1908, art. 10, § 3; 1 Comp. Laws 1929, § 3396, as amended by Act No. 94, Pub. Acts 1931; § 3402).

5. Statutes—Construction of Tax Laws.

> Tax laws are to be construed liberally in favor of the taxpayer.

6. Taxation—Vessels a Peculiar Class of Property.

> Vessels are a peculiar class of property for purposes of taxation (1 Comp. Laws 1929, § 3396, as amended by Act No. 94, Pub. Acts 1931; §§ 3402, 3573).

7. Same—Yacht—Taxable Situs of Personal Property.

> Fact that a yacht may be moved from place to place and port to port by water does not exempt it from provisions of tax law establishing the place of storage as the taxable situs of personal property stored elsewhere than at the owner's residence (Const. 1908, art. 10, § 3; 1 Comp. Laws 1929, § 3396, as amended by Act No. 94, Pub. Acts 1931; § 3402).

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 5, 1945. (Docket No. 89, Calendar No. 43,183.) Decided December 3, 1945.

Action by City of Detroit against Philip J. Phillip to recover taxes on personal property. Judgment for plaintiff. Defendant appeals. Affirmed.

*William E. Dowling,* Chief Corporation Counsel, and *John H. Witherspoon* and *Alfred S. Stolinski,* Assistants Corporation Counsel, for plaintiff.

*Foster, Yost & Lott,* for defendant.

Bushnell, J.   The facts in this case are undisputed.  Prior to and during the years from 1938 to 1941, inclusive, defendant Philip J. Phillip resided in Grosse Pointe Park, Michigan, where he was a registered voter.  During these years he was the owner of a yacht used solely for pleasure upon the Great Lakes and their tributaries.  When the vessel was not so used it was docked or anchored either at the Bay View Yacht Club or Detroit Yacht Club, both of which are located in the city of Detroit. Phillip hired or leased these dockage facilities during the navigation season, and storage facilities during other portions of the year when the yacht was hauled out of the water to protect it from the ice.

Plaintiff City of Detroit assessed defendant for ad valorem personal property taxes during these years as follows:

|  |  |  |
|---|---|---|
| 1938 | — | $107.34 |
| 1939 | — | 103.96 |
| 1940 | — | 100.65 |
| 1941 | — | 92.07 |
| Total | — | $404.02 |

Although the tax bills were addressed to him at 720 Pemberton Road, Grosse Pointe Park, Michigan, he refused to pay these taxes on the ground that even though the municipality of Grosse Pointe Park had not levied a tax against the yacht he was not liable for taxes in the city of Detroit because he did not reside there.  Plaintiff brought suit to recover a judgment for the taxes imposed and the trial judge

held in favor of the city of Detroit and entered a judgment in the sum of $404.02, and costs in the sum of $37 from which defendant was granted leave to appeal.

In this State a specific tax is levied upon owners of steam vessels, steam barges, and steamboats engaged in the carrying of passengers, owned within this State or hailing from any port thereof and employed in the navigation of international waters or waters of the Great Lakes, at the rate of 20 cents per net ton on the registered tonnage thereof. On such vessels engaged in the carrying of freight only the specific tax is 10 cents per net ton. Such vessels are otherwise exempt from further taxation, either State, county or municipal, upon the payment of the sums mentioned. 1 Comp. Laws 1929, § 3573 (Stat. Ann. § 7.281).

Defendant's yacht does not fall within such classifications, but does fall within the statutory classification of personal property. See 1 Comp. Laws 1929, § 3396, as amended by Act No. 94, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 3396, Stat. Ann. § 7.8), which reads:

"For the purposes of taxation, personal property shall include:
* * *
"4. All ships, boats and vessels and their appurtenances belonging to inhabitants of this State, whether at home or abroad."

The tax statutes require that:

"All personal property, except as hereinafter provided, shall be assessed in the township in which the owner resides on the first day of April, of the year for which the assessment is made.

"The taxable status of persons and personal property shall be determined as of the first day of

April, which shall be deemed the tax day." 1 Comp. Laws 1929, § 3401, as amended by Act No. 234, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 3401, Stat. Ann. 1945 Cum. Supp. § 7.13).

The general property tax law of this State, Act No. 206, Pub. Acts 1893, as amended (1 Comp. Laws 1929, § 3389 *et seq.* [Stat. Ann. § 7.1 *et seq.*]), is applicable to all cities and villages where not inconsistent with their respective charters. See section 107 thereof (1 Comp. Laws 1929, § 3500 [Stat. Ann. § 7.161]).

Among the exceptions to the general rule as to taxable situs is the following:

"All goods and chattels situate in some township other than where the owner resides shall be assessed in the township where situate, and not elsewhere, if the owner or person having control thereof hires or occupies a store, mill, dockyard, piling ground, place for sale of property, shop, office, mine, farm, place of storage, manufactory or warehouse therein for the use in connection with such goods and chattels: *Provided,* That the procuring of any such property to be manufactured upon contract shall be deemed the hiring a mill or manufactory within the meaning of this section." 1 Comp. Laws 1929, § 3402 (Stat. Ann. § 7.14).

The taxable situs of personal property of this nature was considered in *Teagan Transportation Co. v. Board of Assessors of City of Detroit,* 139 Mich. 1 (69 L. R. A. 431, 111 Am. St. Rep. 391), so far as steamship companies are concerned. The question there was whether plaintiff's property should be assessed in the township of Hamtramck, Wayne county, where the general office of the transportation company was located, or whether its property was taxable in the city of Detroit where substantially all its business was conducted. The court, after discuss-

ing at length the uniformity requirements of the Constitution (Const. 1850, art. 14, § 11; Const. 1908, art. 10, § 3), refused to issue a mandamus to compel the board of assessors of the city of Detroit to strike certain assessments from the tax rolls, holding that where the only business a corporation transacts at the place named as its office in its articles of incorporation is the annual meeting of stockholders, its residence for the purpose of taxation is the place where its principal business is conducted, such as receiving and disbursing its funds.

In *Greilick* v. *City of Traverse City*, 231 Mich. 699, Greilick's judgment against the defendant city for taxes paid under protest was affirmed. He was a resident of Traverse City and carried on his business of fishing at a fish house where his equipment was located, in Elmwood township, Leelanau county. Part of this equipment was a boat used in his business. The court held that, under the exceptions named in the statute hereinbefore quoted, the boat was assessable in Elmwood township. It is argued that these statutory exceptions and the effect of the *Greilick Case* are limited to business property. We cannot, however, read the language of the statute in this narrow manner.

We are not unmindful that tax laws are to be construed liberally in favor of the taxpayer, *Standard Oil Co.* v. *State of Michigan*, 283 Mich. 85, 88, and that "vessels are a peculiar class of property," *Graham* v. *Township of St. Joseph*, 67 Mich. 652, 656. We are not here concerned with the situation presented in the *Graham Case* where the court discussed the power to tax vessels plying the waters of the Great Lakes, but rather with determining the situs of personal property subject to tax under the statutes of this State. In our opinion the meaning of

the statute is clear and defendant Phillip, so far as his yacht is concerned, occupied a "dockyard," or "place of storage  *  *  *  for the use in connection with such goods and chattels," when he hired or leased dockage facilities during the navigation season at a yacht club located in the city of Detroit and used storage facilities within the city of Detroit during the winter season. We are in accord with the reasoning of the Washington court in the case cited by the trial judge, *i. e., North American Dredging Co.* v. *Taylor,* 56 Wash. 565 (106 Pac. 162, 29 L. R. A. [N. S.] 105), where, in considering the taxable situs of this kind of property, the court said in part:

"There is nothing in the nature of this particular property to take it out of the general principle. The fact that it is floating property and may be moved from place to place and port to port by water, furnishes no more reason for exempting it from taxation here than would exist for the exemption of property which did not float, and could be moved from place to place only overland."

The judgment is affirmed, with costs to appellee.

STARR, C. J., and NORTH, CARR, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.