No. 18. CITY OF DETROIT ET AL. v. MURRAY CORPORA-TION OF AMERICA ET AL.; and

No. 36. CITY OF DETROIT ET AL. v. MURRAY CORPORA-TION OF AMERICA ET AL., 355 U. S. 489. Petitions for rehearing of the Murray Corporation of America and the United States denied. MR. JUSTICE FRANKFURTER has filed the following dissent.

MR. JUSTICE FRANKFURTER, dissenting.

The petitions for rehearing in these cases should be granted. Petitioners direct attention to the statement in the Court's opinion of March 3, 1958, 355 U. S. 489, 492 (Prelim. Print), that "There is no contention that these taxes were levied directly against the United States or its property." The contentions made by the parties throughout this litigation and the characteristics of the taxes sustained make evident that the case was decided under a misapprehension of what was in issue. Simply to delete from the quoted sentence reference to what the parties contended, as has now been done, cannot delete the significance of its original inclusion in the opinion as a manifestation of the direction of the Court's thoughts. In reaching the conclusion that the tax here involved is indistinguishable from a tax on the privilege of possessing or using government property, the Court proceeded on mistaken notions about Michigan tax law and its administration.

The petitions for rehearing make more vivid than did the original briefs the distinction between the ad valorem property tax that was in fact imposed and a privilege tax with which the former was identified. The distinction is deeply embedded in Michigan statutory and constitutional law, and guides taxing authorities in their administration of the local statutes. The tax that Michigan levied and this Court sustained is imposed on the prop-

erty of the United States. Property is the subject of the tax and is the ultimate reliance for its satisfaction. The State has a lien on the property to assure collection. The person in possession on tax day is liable for the tax, but, since he has a right of recovery against the owner secured by a lien, he is in effect simply a collector of the tax. It is persuasively shown that, had the state authorities been satisfied that full ownership in the particular property was in the United States—an issue for controlling determination by this Court—the tax would not have been imposed. Indeed, as to tools concededly owned by the United States, no attempt was made to collect a tax. Such administrative practice by the taxing authorities would be inexplicable if the tax were conceived as an excise, a privilege tax, that is, on possession of property.

The petitions for rehearing have thrown into sharp relief the fact that the tax here imposed is simply an ordinary ad valorem tax imposed on the property, a tax indistinguishable from that in *United States* v. *County of Allegheny,* 322 U. S. 174. Therefore this tax is sustainable, unless Michigan law is to be construed in a way wholly at variance with the actual provisions of the state statutes and demonstrated administrative practice thereunder, only by disregarding *Allegheny* or overruling it. The Court does not purport to overrule *Allegheny.* The erroneous hypothesis about Michigan law underlying the Court's opinion could hardly have failed to obscure the full implications of the decision the Court was called upon to make. Due regard for the importance of these cases—as a matter of federal finance, of course, but even more so from the point of view of federal-state relations—and the demands of sound adjudication call for reargument. The Court would then be able to consider the power of a State to levy a tax undis-

putably imposed upon property owned by the United States. Because I deem a reargument to be required, I do not mean to imply that it would lead to a different result. The basis of an adjudication may be as important as the decision. The Court has rightly been parsimonious in ordering rehearings, but the occasions on which important and difficult cases have been reargued have, I believe, enhanced the deliberative process.