## CONTINENTAL MOTORS CORPORATION *v.* TOWNSHIP OF MUSKEGON.

1. TAXATION—CONSTRUCTION OF STATUTES—SUPREME COURT.

   It is the primary duty of the Supreme Court, in a taxpayer's action to recover taxes paid under protest, to construe acts of the legislature and to determine the extent and scope of their application.

2. COURTS—CONSTRUCTION OF STATUTES.

   Federal courts, including the supreme court of the United States, are bound by the construction given a State statute by an authoritative decision of the State court of last resort.

3. SAME—CONSTRUCTION OF STATUTE BY FEDERAL COURT.

   A State court is not bound to follow the construction of a statute of such State by a Federal court, even the supreme court of the United States, although construction by such courts may be regarded as highly persuasive.

4. TAXATION—CONSTITUTIONAL LAW.

   The Constitution of this State authorizes only 2 general methods of taxation, *ad valorem* and specific taxes (Const 1908, art 10, § 3).

5. SAME—USE OF EXEMPT PERSONAL PROPERTY BY PROFIT CORPORATION.

   Personal property that was exempt because owned by the United States but made available for use of and used by a profit corporation was not subject to *ad valorem* property tax by this State before the 1959 amendment of the general property tax law authorizing the assessment of possessory rights, notwithstanding a decision of the supreme court of the United States would appear to hold that such property was taxable (CL 1948, § 211.14, as amended by PA 1958, No 209, and PA 1959, No 266).

6. COSTS—TAXPAYER'S ACTION.

   No costs are allowed in taxpayer's action against township to recover taxes paid under protest on personal property owned by United States, and used by a profit corporation, a public question being involved.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes § 323.
[2] 14 Am Jur, Courts § 99 *et seq.*
[3] 14 Am Jur, Courts § 121.
[5] 51 Am Jur, Taxation §§ 218–222.
[6] 14 Am Jur, Costs § 91.

Appeal from Muskegon; Beers (Henry L.), J. Submitted June 6, 1961. (Docket No. 10, Calendar No. 49,003.) Decided December 28, 1961.

Action by Continental Motors Corporation, a Virginia corporation, against the Township of Muskegon, a constitutional body corporate, to recover sums paid under protest for tax assessed against it as user of personal property in 1959. United States of America, owner of property, intervened as party plaintiff. Orchard View School District No. 13 and the County of Muskegon intervened as parties defendant. Judgment for defendants. Plaintiff and intervening plaintiff appeal. Reversed and remanded for entry of judgment for plaintiff.

*Joseph T. Riley* (*Butzel, Eaman, Long, Gust & Kennedy* and *Clifford W. Van Blarcom,* of counsel), for plaintiff.

*Louis F. Oberdorfer,* Assistant Attorney General, *Abbott M. Sellers,* Acting Assistant Attorney General, *Lee A. Jackson, I. Henry Kutz,* and *Joseph Kovner,* Attorneys, Department of Justice, and *Robert J. Danhof* and *George E. Hill,* United States Attorneys, for intervening plaintiff United States of America.

*Charles A. Larnard,* for defendant township.

*Harry J. Knudsen,* Prosecuting Attorney, for intervening defendant county.

*Poppen, Street & Sorensen,* for intervening defendant school district.

*Harold M. Street,* of counsel for defendant and intervening defendants.

*Amici Curiae:*
*Nathaniel H. Goldstick,* Corporation Counsel, and

*Julius C. Pliskow,* Assistant Corporation Counsel, for City of Detroit.

*Samuel H. Olsen,* Prosecuting Attorney; *Aloysius J. Suchy* and *William F. Koney,* Assistant Prosecuting Attorneys, for Wayne County.

Souris, J.   Challenged here is a 1959 Muskegon township *ad valorem* tax levied against Continental Motors Corporation as possessor and user of machinery and other equipment, title to which was in the Federal government. *City of Detroit* v. *Murray Corporation of America,* 355 US 489 (78 S Ct 458 and 486, 2 L ed 2d 441 and 460), reversing (CCA 6) 234 F2d 380, stands at the threshold of this case, for the defendant township relies upon the authority of that decision to support its contention that Michigan's general property tax act[1] authorized in 1959 a tax upon the right to possess or use property owned by another measured by the value of the property possessed.

Continental attacks the construction placed upon our general property tax act by the United States supreme court in *Murray.* Continental claims the tax was invalid because in 1959 the general property tax act did not (contrary to the ruling in *Murray*) authorize a specific tax on the privilege of possessing or using tangible personal property but authorized only an *ad valorem* tax on the ownership of such property.

Defendant township, on the other hand, urges us to adopt the Federal supreme court's construction in *Murray* of our general property tax act and refers to various subsections of section 14 and to section 24 of the act for support of its contention that taxa-

---

[1] PA 1893, No 206, as amended (CL 1948, § 211.1 *et seq.,* as amended [Stat Ann 1960 Rev § 7.1 *et seq.*]).

tion of possessory interests and interests other than full ownership of tangible personal property was authorized in 1959.

Ours is the primary duty to construe acts of the Michigan legislature, to determine the extent and the scope of their application. When a State court of last resort authoritatively construes a State statute, Federal courts, including the supreme court, are bound by that construction. *Alabama State Federation of Labor* v. *McAdory*, 325 US 450, 470, 471 (65 S Ct 1384, 89 L ed 1725); *Ryerson & Son* v. *Peden*, 303 Ill 171 (135 NE 423, 24 ALR 1273); and 27 RCL, p 44. But when a Federal court, even the supreme court, construes a State statute, the courts of that State are not bound to follow the Federal court's construction. *Alabama State Federation of Labor* v. *McAdory, supra; Smithpeter* v. *Wabash R. Co.*, 360 Mo 835 (231 SW2d 135, 19 ALR2d 950); *State, ex rel. Nelson,* v. *Meek,* 127 Ark 349 (192 SW 202, LRA 1918F, 642); and *Parsons* v. *Federal Realty Corp.*, 105 Fla 105 (143 So 912, 88 ALR 275). Mr. Justice Butzel had occasion to express for this Court its recognition of this basic principle in *Detroit Trust Co.* v. *Detroit City Service Co.*, 262 Mich 14, 36:

"Notwithstanding the profound respect we have for the opinions of the United States supreme court, we are not bound thereby in the construction of a Michigan statute."

Even if not controlling, such opinions often are highly persuasive. However, with all due respect, we are not persuaded that the construction placed upon our general property tax act in the *Murray Case* is correct.

It is of some significance, we believe, that the *Murray* decision was reached on the same day decision was reached in *United States* v. *City of De-*

*troit,* 355 US 466 (78 S Ct 474, 2 L ed2d 424),
affirming our decision in 345 Mich 601; and *United
States* v. *Township of Muskegon,* 355 US 484 (78 S
Ct 483, 2 L ed2d 436), affirming our decision in *Township of Muskegon* v. *Continental Motors Corporation,*
346 Mich 218. It is significant because the supreme
court's opinion in *Murray* states that the practical
operation and effect of the tax there in question
were identical to those upheld in the other 2 cases
from Michigan decided that day. The other 2 cases,
however, involved a specific statutory authorization
for imposition of a tax upon the right to use *real
property* the ownership of which is for any reason
exempt from taxation whenever such real property
is leased, loaned or otherwise made available for
use in connection with a business conducted for profit. PA 1953, No 189 (CLS 1956, §§ 211.181, 211.182
[Stat Ann 1960 Rev, §§ 7.7(5), 7.7(6)]). We are
unable to adopt the supreme court's construction in
*Murray* of our general property tax act as it then
related to *personal* property because there was then
no specific statutory authorization for imposition of
a tax upon the right to use another's tax exempt
*personal* property comparable to PA 1953, No 189,
and because our prior decisions tend to support a
contrary construction. *City of Detroit* v. *Phillip,*
313 Mich 211, 213; *In re Ever Krisp Food Products
Co.,* 307 Mich 182, 196; *Crawford* v. *Koch,* 169 Mich
372, 379; and *Pingree* v. *Auditor General,* 120 Mich
95, 102 (44 LRA 679).

As this Court noted in *C. F. Smith Co.* v. *Fitzgerald,* 270 Mich 659, 672, citing *Pingree* v. *Auditor
General, supra,* the Constitution of this State (Const
1908, art 10, § 3) authorizes only 2 general methods
of taxation, *ad valorem* and specific. The tax here
involved was levied by the township pursuant to
authority claimed to be found in the general property tax act before its amendment by PA 1959,

No 266 (amending CL 1948, § 211.14 [Stat Ann 1960 Rev § 7.14]). The first section of that act (CL 1948, § 211.1 [Stat Ann 1960 Rev § 7.1]) declares that all property in the State, real and personal, unless expressly exempted, shall be subject to taxation. The exemptions are not, at this point in our discussion, relevant. Section 13 provides that the taxable situs of personal property, with certain exceptions hereafter noted, shall be the township in which the owner resides.

Neither of those 2 sections of the act authorizes taxation of other than the owner of personal property. However, section 14, which deals with the exceptions to the previously stated general rule as to taxable situs of personal property, provides the basis for the township's claim that taxation of possessory interests is authorized. We do not read section 14 as authorizing anything but the assessment of an *ad valorem* tax upon personal property and its collection from one other than the owner in certain specified circumstances. For example, the third subsection of section 14 provides that personal property of minors and others under guardianship shall be assessed to the guardian, and subsection 4 provides for the assessment of personal property belonging to decedents' estates to the executors, administrators, or trustees thereof. In subparagraph 5, personal property under the control of a trustee or agent may be assessed to such trustee or agent. Each of these examples provides also for the taxable situs of such property, generally other than the township of the owner of such property. Each subsection of section 14 refers to a situation where possession or control of tangible personal property by other than the owner thereof results from a legal relationship between the possessor and the owner which is for the benefit of the owner. In other words, in each instance, possession of the tangible

personal property by a guardian, executor, administrator, trustee, or agent is not for the possessor's benefit but is, rather, for the benefit of the owner of the personal property. Under such circumstances, it hardly can be said that anything contained in section 14 of the act, before the act's amendment by PA 1959, No 266, authorized the taxation of such possessory rights, there being an absence of any benefit to the possessor from such possession.

Section 18 of the act provides for a written statement, under oath, of all tangible property of every person, firm or corporation having property not exempt from taxation, together with a statement indicating whether the property is owned by such person, firm, or corporation or "held for the use of another." See, also, section 19.[2]

Section 24[3] provides for the preparation of an assessment roll and requires that where property is assessed to one other than the owner, it shall be assessed separately from his property and shall show in what capacity it is assessed to him, "whether as agent, guardian or otherwise."

From all of the foregoing, it seems quite apparent to us that the general property tax act as it related to tangible personal property, until passage of PA 1959, No 266, imposed a tax only upon the ownership of such property; in other words, imposed only the ordinary *ad valorem* personal property tax and did not provide for taxation of limited interests in such property. This conclusion is supported by provisions which subsequently appear in the act. Specifically, section 40 provides, in pertinent part:

[2] See CL 1948, § 211.19, as amended by PA 1958, No 209 (Stat Ann 1960 Rev § 7.19).—Reporter.

[3] As amended by PA 1949, No 285, see CLS 1956, § 211.24 (Stat Ann 1960 Rev § 7.24).—Reporter.

"All taxes shall become a debt due to the township * * * from the owner or person otherwise to be assessed on the tax day. * * * And all personal taxes hereafter levied or assessed shall also be a first lien, prior, superior and paramount, on all personal property of such persons so assessed * * * and so remain until paid." CL 1948, § 211.40, as amended by PA 1958, No 209 (Stat Ann 1960 Rev § 7.81).

But, section 47 of the act provides, in pertinent part, that:

"When any person having possession of the personal property of any other person, firm or corporation shall be assessed for such property and shall be obliged to pay the taxes thereon, such person, firm or corporation so paying the taxes, may recover of the person, firm or corporation for whose benefit the taxes were paid, the money so paid, with the interest thereon in an action of assumpsit." CL 1948, § 211-.47 (Stat Ann 1960 Rev § 7.91).

The scheme of assessment and collection of taxes disclosed by the foregoing is consonant only with an *ad valorem* tax on the ownership of property (*City of Detroit* v. *Phillip, supra,* and *Pingree* v. *Auditor General, supra*), the possessor being assessed only as a collection agent for the taxing authority with the statutorily granted right to reimbursement from the owner whose primary duty it is to pay the tax (*Crawford* v. *Koch, supra*). See Mr. Justice Frankfurter's opinion dissenting from the supreme court's denial of rehearing in the *Murray Case,* at 357 US 913 (78 S Ct 1145, 2 L ed2d 1164).

We thus conclude that Michigan's general property tax act did not, prior to PA 1959, No 266, authorize taxation of possessory interests in personal property legal title to which is in one other than the possessor, as that act was construed by the Federal supreme court in the *Murray Case.*

Prior to the 1959 amendment, our law authorized only an *ad valorem* tax on the personal property itself without providing for taxation of possessory interests or, indeed, of any other limited interests in the property separate and distinct from the property itself. Only in 1959, by enactment of PA 1959, No 266, did the legislature authorize a tax on beneficial rights in personal property such as are here involved. The supreme court's opinion in *Murray* (p 493) recognized that Michigan's law then in force, and in force at the time Continental was here taxed, did "not expressly state that the person in possession is taxed 'for the privilege of using or possessing' personal property." Its decision was based, instead, on its erroneous conclusion that the practical operation of our law, as then written and applied, had effected the same result. Indeed, the opinion of the supreme court even suggests (p 493) that "the State could obviate such grounds for invalidity by merely adding a few words to its statutes."

This, in 1959, our legislature did by adoption of PA 1959, No 266. By that act, our legislature for the first time provided, in section 14 of the general property tax act, that "personal property not otherwise taxed under this act which is in the possession of any person, firm or corporation using same in connection with a business conducted for profit shall be deemed the property of such person for taxation and assessed to him accordingly." Like the Maryland court in *Martin Company* v. *State Tax Commission,* 225 Md 404 (171 A2d 479), we acknowledge the authority of the *Murray Case* to the extent of its holding that a State has the power to tax the interest of a possessor of government-owned property even though the economic burden of the tax falls ultimately (because of contractual relations between the possessor and the owner) upon the government.

It is our conclusion, however, that the supreme court erred in the *Murray Case* in holding that this State had, prior to the 1959 amendment, invoked such power.

We now turn to an alternative contention urged by the defendant township as a ground for upholding the validity of the tax here imposed. The township claims that the tax should be upheld as a tax upon Continental's "beneficial ownership" of the personal property, citing *American Motors Corporation* v. *City of Kenosha,* 274 Wis 315 (80 NW2d 363), aff'd *per curiam* in 356 US 21 (78 S Ct 559, 2 L ed2d 578), rehearing denied in 357 US 912 (78 S Ct 1147, 2 L ed2d 1163). The same contention was made in *Martin Company* v. *State Tax Commission, supra,* and in *General Dynamics Corp.* v. *County of Los Angeles,* 51 Cal2d 59 (330 P2d 794). Both the Maryland and the California courts rejected it, Maryland on the ground that its laws did not provide for the taxation of Martin's right to use and possess personal property belonging to the United States, and California on the ground that General Dynamics had not secured or retained indicia of ownership sufficient to support its taxation as the owner of such property. We reject the contention, as did Maryland, on the ground that our law, prior to the 1959 amendment, authorized only an ordinary *ad valorem* tax on tangible personal property without providing for the taxation of intangible interests in such property. Since the 1959 amendment, it is true that possessory interests in personal property otherwise exempt from taxation, as a practical matter, have been made taxable. However, it is significant that even in the 1959 amendment our legislature did not expressly state that possessory interests as such are taxable. Instead, the legislature preserved our historically consistent pattern of ordinary *ad valorem* personal property taxation by using the

familiar legal fiction of "deeming" such otherwise exempt property as the property of the person in possession for taxation and assessment purposes.

Judgment reversed and remanded for entry of judgment in favor of Continental. No costs, a public question being involved.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.