CONSOLIDATED DIESEL ELECTRIC CORPORATION *v.* CITY OF STAMFORD

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

---

Argued December 6, 1967—decided January 16, 1968

*Samuel J. Bernstein,* with whom was *Joseph P. Zone,* for the plaintiff.

*Ronald M. Schwartz,* assistant corporation counsel, with whom, on the brief, was *W. Patrick Ryan,* corporation counsel, for the defendant.

HOUSE, J. This case is before us on a stipulation of facts and a reservation for the advice of this

court pursuant to Practice Book §§ 738 and 739. The plaintiff is engaged in the business of manufacturing and assembling power equipment in the city of Stamford and in the course of its business manufactures items for the United States air force pursuant to the terms of several contracts. Each contract contained the following provision: "Upon the making of any progress payments under this contract, title to all parts, materials, inventories, work in process and non-durable goods theretofore acquired or produced by the Contractor for the performance of this contract, and properly chargeable thereto under sound accounting practice, shall forthwith vest in the Government; and title to all like property thereafter acquired or produced by the Contractor for the performance of this contract and properly chargeable thereto as aforesaid shall vest in the Government forthwith upon said acquisition or production: Provided, that nothing herein shall deprive the Contractor of any further progress or final payments due or to become due hereunder; or relieve the Contractor or the Government of any of their respective rights or obligations under this contract." For the purpose of local property taxation, the assessor for the city of Stamford assessed to the plaintiff various equipment, parts, materials, work in process and non-durable tools which were on its premises in Stamford and which were in various stages of completion and came within the purview of the quoted contract provision. It is agreed that title to all of this personal property so assessed to the plaintiff was vested in the United States government and that, if it is taxable at all by the city of Stamford, it is taxable in its entirety and as assessed. The advice of this court is sought in answer to three specific

questions[1] which involve a determination as to whether the subject personal property is taxable to the plaintiff despite the fact that title to it is vested in the United States government, whether § 12-58 of the General Statutes authorizes Stamford to tax the possessory interest of the plaintiff in the property, and whether the plaintiff is the "owner" of the property within the meaning of § 12-58.

"The legislature has the power, within constitutional limitations not here involved, to 'choose the subject matter of taxation and to fix the method and extent of a tax.' *First Federal Savings & Loan Assn.* v. *Connelly,* 142 Conn. 483, 490, 115 A.2d 455, and cases cited therein. Municipalities have no powers of taxation except those expressly given to them by the legislature. *Chamberlain* v. *Bridgeport,* 88 Conn. 480, 490, 91 A. 380, and cases cited therein. Their powers of taxation can be lawfully exercised only in strict conformity to the terms by which they were given. *Hartford* v. *Poindexter,* 84 Conn. 121, 132, 79 A. 79; *Thames Mfg. Co.* v. *Lathrop,* 7 Conn. 550, 556. When a taxing statute is being considered, ambiguities are resolved in favor of the taxpayer. *Connelly* v. *Waterbury National Bank,* 136 Conn. 503, 510, 72 A.2d 645; *Curtis* v. *Corbin,* 93 Conn.

---

[1] "The questions upon which advice is desired are as follows:

"(a) Whether Chapter 203 of the Connecticut General Statutes grants the City of Stamford the power to tax as personal property of a manufacturer in the City of Stamford parts, materials, inventories, work in process and non-durable tools on the premises of said manufacturer but title to which is vested in the United States Government.

"(b) Do the provisions of Section 12-58 of the Connecticut General Statutes (Rev. 1958) permit the City of Stamford to tax the "Possessory interest" of the plaintiff in and to the property in various stages of completion?

"(c) Is plaintiff an "owner" of the property within the meaning of Section 12-58, Connecticut General Statutes (Rev. 1958)?"

648, 656, 107 A. 506." *Security Mills, Inc.* v. *Norwich,* 145 Conn. 375, 377, 143 A.2d 451. With these general principles in mind, two provisions of the General Statutes are relevant to the questions which the parties pose. Section 12-58 of the General Statutes provides that the property of any manufacturing business "shall be assessed in the name of the owner or owners . . . in the town where the business is carried on." Section 12-81 of the General Statutes provides in part: "The following-described property shall be exempt from taxation: (1) . . . Property belonging to, or held in trust for, the United States, the taxation of which has not been authorized by congress." The principal questions therefore are whether the plaintiff was the "owner" of the property after title to it had vested in the United States government so that despite the vesting of title the property was nevertheless taxable to the plaintiff under General Statutes § 12-58 or whether upon the vesting of title it become property "belonging to, or held in trust for, the United States" and accordingly exempt from taxation under the specific provisions of General Statutes § 12-81 (1) and the landmark case of *M'Culloch* v. *Maryland,* 17 U.S. (4 Wheat.) 316, 4 L. Ed. 579.

We conclude that, when title vested in the United States government, the government became the owner of the property as that term is used in our taxing statutes. Title to property means in its ordinary sense the right to, or ownership in, the property. "This is the ordinary acceptation of the term. When we say, a man has the title to . . . [property], we mean, he is the owner of it; and vice versa. And this corresponds with the legal meaning." *Shelton* v. *Alcox,* 11 Conn. 240, 249; 84 C.J.S., Taxation, § 94; see *Liberman* v. *Beckwith,*

79 Conn. 317, 321, 65 A. 153. Ownership is an essential incident of title and "according to the commonly approved usage of the language" (General Statutes § 1-1), an owner is "one that owns; one that has the legal or rightful title whether the possessor or not." Webster, Third New International Dictionary. By the transfer of title, the legal and beneficial interests in the property were vested in the government, and the plaintiff' had nothing except the right to the use and possession pursuant to the contract. Accordingly, the plaintiff was no longer the "owner" of the property as that term is used in § 12-58 of the General Statutes. Instead, it became property "belonging to" the United States, whose ownership interest in it is exempt from local taxation under the provisions of § 12-81 (1) of the General Statutes. See *General Dynamics Corporation* v. *County of Los Angeles,* 51 Cal. 2d 59, 330 P.2d 794; *Martin Co.* v. *State Tax Commission,* 225 Md. 404, 171 A.2d 479; *Continental Motors Corporation* v. *Muskegon,* 365 Mich. 191, 112 N.W.2d 429; *Craig* v. *Ingalls Shipbuilding Corporation,* 192 Miss. 254, 5 So. 2d 676.

We find no merit to the defendant's contention that the title was vested in the government for security purposes only and "is at most a bare, legal title, as opposed to the actual ownership of the property." The terms of the contract providing that title passed contain no suggestion that it was taken for security purposes only. "[I]t cannot be successfully argued that the federal government took the legal title to secure the obligation of the plaintiff to perform its contract, for here are the alternatives: (1) If the plaintiff fails to finish a plane as agreed, the federal government trucks its property away; (2) if the plaintiff fully performs

its contract by completing a plane, the federal government flies its property away. Title is not restored to the plaintiff when it performs its obligation. It is plain that title was not taken to secure the performance of any obligation." *Douglas Aircraft Co.* v. *Byram,* 57 Cal. App. 2d 311, 315, 134 P.2d 15.

The defendant argues that, since the plaintiff had possession of the property after the transfer of title, this possessory interest should be subject to taxation, that the "elimination of the tax by virtue of its contractual transference of title, allows it 'a distinct economic preference over their neighboring competitors, as well as escaping their fair share of local tax responsibility . . .' *United States* v. *City of Detroit,* . . . [355 U.S. 466, 474, 78 S. Ct. 474, 2 L. Ed. 2d 424]," and that "reference to the economic realities of the problem would provide a more useful and meaningful vehicle for resolving the inquiry." These are all arguments which might better be advanced before the General Assembly. Questions of policy are for its consideration. We can only take the statutes as they have been enacted, and the relevant statutes in their present form make ownership, not possession, the basis of liability for local taxation. Section 12-58 of the General Statutes does not authorize the assessment of a tax against possessory interests as do the statutes of several other states.[2]

---

[2] For example, see Mich. Comp. Laws § 211.14, as amended by Mich. Public Acts 1959, No. 266: "Fifth, . . . personal property not otherwise taxed under this act which is in the possession of any person, firm or corporation using same in connection with a business conducted for profit shall be deemed the property of such person for taxation and assessed to him accordingly." See also *Continental Motors Corporation* v. *Muskegon,* 365 Mich. 191, 112 N.W.2d 429; *Detroit* v. *Murray Corporation,* 355 U.S. 489, 78 S. Ct. 458, 2 L. Ed. 2d 441.

Our conclusion is further supported by the exception contained in § 12-48 of the General Statutes, which provides: "When one is entitled to the ultimate enjoyment of real or personal estate liable to taxation, and another is entitled to the use of the same as an estate for life or for a term of years by gift or devise and *not by contract,* such estate shall be set in the list of the party in the immediate possession or use thereof, except when it is specially provided otherwise." (Italics supplied.) Thus, if one has mere possession of personal property for a term of years by virtue of a gift or devise, the possessory interest may be taxed to the possessor, whereas, if such possession arises by contract, the property is not assessed to the possessor but to the owner. Clearly, if the term "owner" in § 12-58 of the General Statutes was intended to apply to mere possessory interests, there would be no need for § 12-48 and its special provisions for the taxation of possessory interests.

To each of the three questions in the reservation we answer "No."

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.