NATIONAL AMUSEMENTS, INC. v. F. GEORGE BROWN, TAX COMMISSIONER

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued April 14—decision released June 8, 1976

*Ralph G. Murphy,* with whom were *Richard K. Greenberg,* assistant attorney general, and, on the brief, *Carl R. Ajello,* attorney general, for the appellant (defendant).

*Jack Rubin,* for the appellee (plaintiff).

House, C. J.  This case arose in the form of an appeal to the Superior Court in Hartford County taken by the plaintiff, National Amusements, Inc., from the action of the defendant, F. George Brown, tax commissioner, in levying a deficiency tax assessment against the plaintiff for additional admission taxes he claimed to be due from the plaintiff under the provisions of § 12-541 (a) of the General Statutes for the period from July 1, 1971, through June 1, 1972.  The appeal was taken pursuant to § 12-554 of the General Statutes and was referred by the court to a state referee to hear evidence and determine the validity of the assessment.  Judgment was rendered in favor of the plaintiff and from this judgment the defendant tax commissioner has appealed to this court.

The essential facts as found by the court are as follows:  The plaintiff is the owner of an open-air theater, known as the Milford Drive-In Theatre, in the town of Milford.  The drive-in theater has parking for 975 cars, arranged in twenty-one ramps or rows of speaker posts.  Six of the twenty-one ramps do not have heaters at the speaker posts, the three closest to the projection screen and the three far-

thest away. During the period from July 1, 1971, through June 1, 1972, two different methods of charging customers were utilized by the plaintiff. During the warmer months, the sign at the box office indicated a charge of $2.00 with the following breakdown: $1.82 admission; $.18 tax. Every patron was charged $2.00. In the colder months, the sign at the box office indicated charges as $2.00 with the breakdown as follows: $1.36 admission; $.14 tax; $.50 heater. The sign clearly indicated that the rental of a heater was completely optional and at the discretion of the patron and any patron would be admitted for the price of $1.50. A separate ticket, in addition to the $1.50 admission ticket, was issued to those choosing to rent a heater. It is undisputed that whether or not a patron paid the $.50 charge for renting a heater he could park at any speaker post in the theater, but without the special ticket he was not entitled to use the heater attached to the post. All of the above recited facts were found by the trial court and none of the findings has been attacked by the defendant.

The tax commissioner, acting pursuant to his interpretation of § 12-541 (a) and § 12-540 (3) of the General Statutes,[1] assessed the sum of $3371.16 as an admission tax on the heater charges for the period in question.

[1] Section 12-541 (a) of chapter 225, effective July 1, 1971, provided, in pertinent part: "Admission Tax. . . . (a) There is hereby imposed a tax of ten per cent of the admission charge to any place of amusement, entertainment or recreation . . . ."

Section 12-540 (3) of the same act, the section on "Definitions," stated: "'Admission charge' means the amount paid for the right or privilege to have access to a place or location where amusement, entertainment or recreation is provided." The section enumerated such "places of amusement" as being "theatres" and "motion picture shows." Nothing more is stated in the definition of "admission charge" which is relevant to the question in issue.

The trial court concluded that the $.50 charge for the heater was an optional rental charge in addition to and exclusive of the admission charge to view the film exhibited at the plaintiff's theater, was a rental fee and not an admission charge, and was not taxable under the statute in effect during the period in question.[2] The court further concluded that the tax commissioner acted illegally when he assessed an admission tax on the rental charge for use of the heaters. It is these conclusions which the defendant has attacked on this appeal claiming that the court erred in overruling his claims of law that the heater charges collected by the plaintiff were subject to the admissions tax imposed by § 12-541 (a).

A court's conclusions are tested by its finding and they must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *New Haven* v. *United Illuminating Co.*, 168 Conn. 478, 483, 362 A.2d 785; *Hutensky* v. *Avon*, 163 Conn. 433, 437, 311 A.2d 92. The conclusions reached by the trial court are amply supported by its unattacked findings, the most significant of which is that the rental of a heater was entirely optional with the patron who was admitted to any part of the theater for the admission price of $1.50 whether or not he rented a heater. This circumstance distinguishes the case from those cases relied upon by the defendant such as *Colony Beach Club, Inc.* v. *United States*, 62-1 U.S. Tax Cases § 15,383, p. 84,596, which held tax-

---

[2] After judgment was rendered in this case and while the appeal was pending, the General Assembly, in the 1975 session, adopted Public Act No. 75-213 which in § 15 imposed a tax on "[t]he leasing or rental of tangible personal property of any kind whatsoever, including but not limited to . . . machinery or apparatus."

able, under the 1954 I.R.C. § 4231 (1) tax on "admissions," the rental charge for dressing facilities (cabana or beach cabin) in addition to the admission membership fees to join a beach club. As the court there noted (p. 84,597), "a charge which is ostensibly separate from the admission fee may be so integrally related to it that both are subject to tax. For example, a second charge made for accommodations which are essentially an extension of the accommodations granted in return for the payment of a first charge, such as for reserved seats, is taxable. Another example is when the second charge is impliedly required in order to gain admission paid for by the first charge." No such circumstances existed in the present case.

In the light of the court's findings, it is unnecessary to discuss the plaintiff's further arguments predicated upon the well-established principle that when a taxing statute is being considered any ambiguities are resolved in favor of the taxpayer; *Consolidated Diesel Electric Corporation* v. *Stamford,* 156 Conn. 33, 36, 238 A.2d 410; *Connelly* v. *Waterbury National Bank,* 136 Conn. 503, 510, 72 A.2d 645; and the fact that the defendant had not in prior years levied an admission tax on the heater rental charge, his reason then being that "the heater charge was not an integral part of the charge for admission."

There is no error.

In this opinion the other judges concurred.