[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court as an appeal from a sewer assessment levied by the defendant Water Pollution Control Authority of the Town of Beacon Falls.
John and Sara DelMoro(Plaintiffs), are the owners of certain real property, the subject matter of this appeal, located on Bethany Road in the Town of Beacon Falls. The property was acquired by way of a warranty deed, dated October 6, 1990, from one Ruth Hafersat: (See plaintiff's exhibit B).
In order to place this matter in proper prospective it is necessary to analyze the history of the sewer assessment as it relates to the subject property. This property was originally part of a larger piece of property owned by the plaintiffs' grantor and was the subject matter of a prior assessment. (See Survey Map, Exhibit A).
The original assessment was levied during 1980 against the property then owned by Ernest and Ruth Haferstat. While their footage along Bethany Road extended for some 473.12 feet only 300 feet was assessed. The assessment for the remaining footage was deferred at that time due to the extensive existence of wetlands making the property unbuildable.
Subsequently, Ruth Haferstat conveyed to the plaintiffs herein a portion of said property.(See Survey Map, Exhibit A and Warranty deed Exhibit B). The description of the property shows it to be the westerly portion of the Haferstat property with a footage along Bethany Road of 348.12 feet. (See Exhibit A and B, supra). The footage on Bethany Road retained by Ruth Haferstat amounted to 125 feet. (See Exhibits A B, supra). Thereafter the WPCA levied a sewer assessment against the property occupied by the plaintiffs in the amount of $12.50 per front foot with a tie in fee of $2000.00 for a total assessment of $4000.00. The original assessment against Haferstat was $8.50 per foot CT Page 1365-II beginning at the southeasterly boundary and running westerly along Bethany Road a distance of 300 feet for a total assessment of $2550.00 with a tie in fee of $1300.00 for a total assessment of $3850.00.
The plaintiffs have erected a house on the property acquired by them. The house was placed upon that portion of the property that was previously assessed in 1980 and is within the boundaries of the property conveyed to the plaintiffs by Ruth Haferstat. The original assessment is not at issue in this matter, it having been paid in full at the time of acquisition by the plaintiffs.
The return of record discloses that the latter assessment is on the property originally deferred. The evidence discloses that the residence was built within the 300 feet originally assessed which assessment has been paid in full.
The question for the court to determine is whether the once deferred 173.12 feet can now be assessed pursuant to Section7-249 of the Connecticut General Statutes and the Beacon Falls Sewer Regulations providing for Assessment of Excess land and/or New or Expanded Buildings or Structures.
Section 7-249 of the Connecticut General Statutes, as it is pertinent to this matter, reads as follows:
 ". . assessment of such excess land shall be deferred until such time as such excess land shall be built upon or a building permit issued therefor or until approval of a subdivision plan of such excess property by the planning commission having jurisdiction, whichever event occurs first at which time assessment may be made as specified herein. . . ."
Pursuant to the authority contained within the provisions of Section 7-249 of the General Statutes the Town of Beacon Falls adopted regulations relating to its sewer authority specifically, "Regulations Providing For the Assessment of Excess Land and/or New or Expanded Buildings or Structures in All Areas of the Town of Beacon Falls". (See Plaintiffs' Exhibit E).
Section 1 of this Regulation reads in part as follows: CT Page 1365-JJ
 "Benefits to excess land developed after the initial assessment has been levied shall be assessed at such time as such excess land shall be built upon or a building permit has been issued or upon approval of a subdivision plan of such excess land has been given by the Planning Commission whichever event occurs first."
The taxing authority conferred upon the Town of Beacon Falls as contained within the provisions of Section 7-249 of the Connecticut General Statutes are penal in nature and must be strictly construed. (See Consolidated Diesel v. Stamford,156 Conn. 33). If a statute's language is clear and unambiguous then its language should be given its plain meaning and is not subject to an interpretation or modification that is otherwise. Hurlburtv. Lemelin, 155 Conn. 68. a statute must be applied as its words direct. IBM Corp. v. Brown, 167 Conn. 123 (1974).
The excess or deferred land in this instance is the 173.12 feet of land shown on Exhibit a as the westerly portion of the land conveyed by Ruth Haferstat to the plaintiffs. Furthermore, Exhibit a and the testimony of various witnesses discloses that this excess land has not been developed or built upon as required in Section 7-249 of the General Statutes or Section 1 of the Regulations of the Town of Beacon Falls.
Of necessity it follows from the above that the plaintiffs' residence was constructed upon a portion of the land that was previously assessed and which assessment it is acknowledged was paid in full.
Section 2 of the Regulations relates to new or expanded buildings or structures and in its pertinent part reads as follows:
 Benefits to residential structures constructed or expanded after the initial assessment has been levied shall be assessed as if the new or expanded buildings or structures had existed at the time of the initial assessment. Such benefits shall be assessed when such construction or expansion is either approved or occurs. Such benefits shall be assessed at the rate of $800.00 per CT Page 1365-KK dwelling unit. . . ."
The residence of the plaintiffs as constructed was within the area of the initial assessment and therefore would come within the purview of Section 2 of the Regulations.
During the trial, the defendants claimed that the regulations had been amended and the assessment should have been levied pursuant to such amendment. No amendment was submitted in evidence. The only evidence of any amendment was the testimony of a member of the WPCA. This testimony is hearsay. The plaintiffs on the other hand introduced in evidence, Exhibit E, "Town of Beacon Falls, Special Acts and Ordinances. Revised March 1, 1992." The Regulations as cited herein are contained in these Special Acts and Ordinances. The court does not have before it any amendment. If such an amendment existed, then the defendant should have submitted it in evidence not the hearsay testimony of a member of the WPCA.
The appropriate assessment in this instance is $800.00, as set forth in Section 2 of the Regulations Providing For the Assessment of New or Expanded Buildings or Structures.
Judgment may enter accordingly.
THE COURT
CURRAN, J.