[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a declaratory judgment action with a request to recover taxes which have already been paid. The issue presented is what is the proper exemption date for property acquired by a CT Page 9195 tax-exempt organization, and whether the plaintiff is entitled to a refund for taxes it paid for amounts owing on the 1991 tax list and on five days of the 1992 tax list.
STIPULATION OF FACTS
The parties dispute the meaning of General Statutes §12-81b and Danbury Code § 18-20. Danbury Code § 18-20, which was enacted pursuant to General Statutes § 12-81b provides: "[t]he City of Danbury hereby adopts the provisions of Section12-81b of the Connecticut General Statutes relating to the effective date of tax exemptions for certain Statutes relating to the effective date of tax exemptions for certain organizations. Accordingly, the property tax exemption authorized by any of subdivisions (7) to (16), inclusive, of Section 12-81 . . . shall be effective as of the date of acquisition of the property to which the exemption applies. The tax-exempt organization shall be reimbursed for any tax paid by it for a period subsequent to the date of such acquisition and shall also be reimbursed for any tax paid by the prior owner for a period subsequent to the date of such acquisition for which such tax-exempt organization reimbursed the prior owner upon the transfer of title to such property."[1] General Statutes § 12-81 (7) provides, in pertinent part: "The following-described property shall be exempt from taxation. . . . (7) the real property of . . . a corporation organized exclusively for . . . charitable purposes. . . ."
The plaintiff, Interlude, Inc.,[2] argues, in essence, that the statutory language should be interpreted to mean that once the plaintiff took title, "it owed no tax whatsoever and any taxes it paid should be reimbursed." The plaintiff further contends that General Statutes § 12-81b was passed to ease the burdens that an earlier statute, General Statutes §12-89, imposed on charitable organizations.
The defendant, the City of Danbury, argues, inter alia, that the assessor properly applied the above statutes when it granted the plaintiff an exemption from tax on October 5, 1992, the date the deed was recorded, and thereby granted the plaintiff an exemption from tax for 360 days in the 1992 year, but for no days in the 1991 tax year. The defendant further argues that the exemption applies to taxes accruing from the date exemption is granted forward, not for past taxes, and "[i]f the legislature intended to give the exempt entity acquiring property an abatement from previously assessed and levied taxes it would have CT Page 9196 specifically provided for that option."
General Statutes § 12-89 provides that "any property acquired between assessment dates by any tax-exempt organization shall first become exempt on the tax list next succeeding the date of acquisition." The clear language of this statute indicates that, under ordinary circumstances, an organization would not be considered exempt from taxation until the first of October following the date the organization acquired the property. As the plaintiff argues, however, General Statutes § 12-81b modifies that rule by allowing municipalities to provide that exemptions from taxation will become effective for charitable and certain other organizations on the date of acquisition, and that such organizations shall. be reimbursed for any taxes paid for a period subsequent to the date of acquisition. Danbury adopted this modification in Danbury Code § 18-20.
"A basic tenet of statutory construction is that when a statute . . . is clear and unambiguous, [generally] there is no room for construction. . . ." (Internal quotation marks omitted.)Mattatuck Museum-Mattatuck History Society v. Administrator,Unemployment Compensation Act, 238 Conn. 273, 279, 679 A.2d 347
(1996). Here, the language of General Statutes § 12-81b and Danbury Code § 18-20 clearly provides that exemption will occur as of the date of acquisition and not as of the tax list preceding the date of acquisition, as the plaintiff suggests. "We will not impute to the legislature an intent that is not apparent from unambiguous statutory language in the absence of a compelling reason to do so." Home Insurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 195, 663 A.2d 1001 (1995).
In keeping with the overall meaning of General Statutes §12-81b and Danbury Code § 18-20, the language providing for a refund to a tax-exempt organization for taxes paid "for a period subsequent to" the date of acquisition refers to taxes accrued and owed past that date, not taxes that happen to have been paid past that date. "[E]xemptions are matters of legislative grace and are to be construed strictly against the taxpayer. . . ."Rich-Taubman Associates v. Commissioner of Revenue Services,236 Conn. 613, 620, 674 A.2d 805 (1996). As such, the statutes may not be construed to support the plaintiff's argument that a tax-exempt organization shall be reimbursed for any tax paid by it. The plaintiff is not entitled to a full reimbursement for the taxes it has paid for the grand lists of 1991 and 1992. CT Page 9197
Nevertheless, since the plaintiff paid taxes through October 5, 1992, the date of the deed for the property, the plaintiff is entitled to a refund for twelve days tax. Danbury Code § 18-20 makes the date of acquisition the triggering date for exemption purposes. While no definition for "acquisition" is provided in the code, Black's Law Dictionary (6th Ed. 1991) defines the term as "[t]he act of becoming the owner of certain property." As to the definition of "owner," the Supreme Court has stated that "when we have construed `owner' in the context of real estate, we have defined the term with reference to title. `When we say, a man has the title to . . . [property], we mean, he is the owner of it; and vice versa.'" Warner v. Leslie-ElliotConstructors, Inc., 194 Conn. 129, 137, 479 A.2d 231 (1984), quoting Consolidated Diesel Electric-Corp. v. Stamford,156 Conn. 33, 37, 238 A.2d 410 (1968). In the present action, the parties stipulated to the fact that the plaintiff took title to the property in question on September 24, 1992. Therefore, the date of acquisition, for purposes of Danbury Code § 18-20, should be September 24, 1992, and the plaintiff should be reimbursed for any taxes it paid that accrued on or after that date.
MIHALAKOS, J.