*428
 
 ON REMAND
 

 Before: McDonald, P.J., and Sawyer and Hoekstra, JJ.
 

 Per Curiam.
 

 This case is before us on remand from the Supreme Court, 459 Mich 981 (1999), for reconsideration in light of
 
 Pollock v Pollock,
 
 154 F3d 601 (CA 6, 1998). The trial court had denied plaintiff summary disposition and granted defendants summary disposition with respect to both the count plaintiff brought pursuant to the Michigan eavesdropping statute, MCL 750.539
 
 et seq.;
 
 MSA 28.807
 
 et seq.,
 
 and the count plaintiff brought pursuant to the federal wiretapping act, title III of the Omnibus Crime Control and Safe Street Act of 1968, 18 USC 2510
 
 et seq.
 
 In our original opinion, we reversed the trial court’s order with respect to both counts.
 

 After reconsideration, we adhere to the holding of our prior opinion reversing the trial court’s order with respect to the state law count. Regarding the trial court’s order with respect to the federal law count, we again reverse but remand this cause to the trial court for it to determine whether the vicarious consent exception to the federal wiretapping act applies in this case.
 

 i
 

 The facts of this case were set forth in detail in our prior opinion,
 
 Williams v Williams,
 
 229 Mich App 318; 581 NW2d 777 (1998), and will not be reiterated here. The issue that plaintiff presented on appeal was an issue of first impression for this Court: whether a custodial parent of a minor child may consent on
 
 *429
 
 behalf of the child to the interception of conversations between the child and another party and thereby avoid liability under the Michigan eavesdropping statute and the federal wiretapping act. We analyzed the question under each statute and found no indication that either the Michigan Legislature or Congress intended to create an exception for a custodial parent of a minor child to consent on the child’s behalf to interceptions of conversations between the child and a third party. Accordingly, we declined to create judicially a vicarious consent exception to the Michigan eavesdropping statute or to construe so broadly the existing consent exception to the federal wiretapping act as to include such an exception.
 

 n
 

 Since the release of our prior opinion, the Sixth Circuit Court of Appeals in
 
 Pollock, supra
 
 at 610, adopted the analysis of the federal district court in
 
 Thompson v Dulaney,
 
 838 F Supp 1535, 1544 (D Utah, 1993), holding that
 

 as long as the guardian has a good faith, objectively reasonable basis for believing that it is necessary and in the best interest of the child to consent on behalf of his or her minor child to the taping of telephone conversations, the guardian may vicariously consent on behalf of the child to the recording.
 

 This Court considered the reasoning in
 
 Thompson
 
 in our previous opinion and rejected it, finding no authority to follow the lead of
 
 Thompson
 
 and like-minded courts. However, because the Sixth Circuit Court of Appeals has now spoken concerning the issue and no conflict among the federal courts exists,
 
 *430
 
 we are bound to follow the
 
 Pollock
 
 holding with respect to the federal question in this case. See
 
 Young v Young,
 
 211 Mich App 446, 450; 536 NW2d 254 (1995).
 

 The trial court referred to the holding in
 
 Thompson,
 
 but it did not specifically decide whether defendants had a good-faith, objectively reasonable basis for believing that it was necessary and in the best interest of the minor child to consent on behalf of the child to the tape-recording of the telephone conversations with plaintiff. Rather, the trial court held merely that “a legal guardian under the present circumstances, has the right to give vicarious consent.” Defendants here claimed that they recorded the conversations to find out whether plaintiff was violating a court order that prohibited her from portraying the minor child’s father in a negative light. However, plaintiff stated in her deposition testimony that defendants had also tape-recorded conversations between the minor child and plaintiff’s husband and between the minor child and the daughter of plaintiff’s husband. Consequently, we again reverse but remand to the trial court to make this necessary inquiry and decide whether there exists a genuine issue of material fact warranting trial.
 

 m
 

 In contrast, this Court is not compelled to follow federal precedent or guidelines in interpreting the Michigan eavesdropping statute. See
 
 Continental Motors Corp v Muskegon Twp,
 
 365 Mich 191, 194; 112 NW2d 429 (1961). We remain convinced by the statutory analysis in our prior opinion that if the Legislature had intended the result argued by defendants,
 
 *431
 
 then it could have included such an exception in MCL 750.539g; MSA 28.807(7). Moreover, we remain convinced that the delicate question posed in this case and the effect that its resolution may have both on how family law is practiced and the relationship between the child and each of the parents, is more appropriately commended to the legislative branch. Accordingly, we again reverse with respect to that part of the trial court’s order granting summary disposition for the defendants with respect to the count brought pursuant to the Michigan eavesdropping statute and denying summary disposition for the plaintiff with respect to that count.
 

 Reversed and remanded. We do not retain jurisdiction.